NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA CENTENO<br><br>                Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | Civ. No. 13-2951<br><br>OPINION |

THOMPSON, U.S.D.J.

INTRODUCTION

      This matter has come before the Court to review pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), the final decision of the Acting Commissioner of the Social Security Administration denying Plaintiff Maria R. Centeno's application for disability insurance benefits under Title II of the Social Security Act. Plaintiff seeks a reversal or, in the alternative, remand of the Acting Commissioner's decision denying her request for Social Security benefits. (ECF No. 10). Defendant Acting Commissioner of Social Security ("Commissioner") seeks affirmance of the Commissioner's decision. (ECF No. 11). The Court has decided the appeal upon the submissions of both parties and without oral argument, pursuant to Local Civil Rule 9.1(f). For the reasons detailed below, the decision of the Commissioner is affirmed.

BACKGROUND

The background of Plaintiff's case is more fully summarized in the Court's Opinion in Plaintiff Maria Rosario Centeno's previous appeal of the Commissioner's decision. *See Centeno v. Comm'r of Soc. Sec.*, 2010 WL 5068141, at *1 (D.N.J. Dec. 6 2010) (also available at R. 745–60).[1] In that Opinion, (the "2010 Opinion"), the Court remanded Plaintiff's case for further consideration of (1) whether Plaintiff's obesity exacerbated her other impairments and (2) Plaintiff's credibility regarding her claims of pain. *Centeno*, 2010 WL 5068141, at *4, 8. On February 27, 2012, Administrative Law Judge Daniel Rubini ("ALJ Rubini") held an administrative hearing at which he reviewed Plaintiff's medical evidence, her testimony regarding her claims of disability, and the testimony of vocational expert Donna Nealon. (R. 708–44). ALJ Rubini also reviewed the materials that had been presented before Administrative Law Judge Paula Garrety ("ALJ Garrety") at Plaintiff's 2010 Hearing. (*See* R. 701, 720, 738). On April 12, 2012 ALJ Rubini issued a decision finding that Plaintiff did not qualify for disability from her onset date through her date last insured, and that Plaintiff was capable of performing jobs existing in significant numbers in the national economy. (R. 702). On March 5, 2013, this decision became the Commissioner's final decision when the Social Security Administration Appeals Council denied Plaintiff's appeal. (R. 680). Plaintiff filed the present Complaint on May 8, 2013. (ECF No. 1).

ANALYSIS

A. Standard of Review

This Court reviews Social Security appeals under 42 U.S.C. § 405(g), which empowers this Court to enter "a judgment affirming, modifying or reversing the decision of the

---

[1] Page citations listed as "(R. __)" refer to the certified Administrative Record provided by the Defendant pursuant to Local Civil Rule 9.1(c)(2).

Commissioner . . . with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). In reviewing the ALJ determinations, this Court applies a "substantial evidence" standard of review. 42 U.S.C. § 405(g). "Substantial evidence is defined as 'more than a mere scintilla;' it means 'such relevant evidence as a reasonable mind might accept as adequate." *Thomas v. Commissioner of Soc. Sec. Admin.*, 625 F.3d 798, 800 (3d Cir. 2010) (quoting *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)); *see also Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 400 (1971)). Where the Commissioner's factual findings are supported by substantial evidence in the record, they are considered conclusive even though the Court might have decided the inquiry differently. 42 U.S.C. § 405(g); *Hagans v. Commissioner of Soc. Sec.*, 694 F.3d 287, 292 (3d Cir. 2012).

### B. Standard for Disability Benefits Determination

Disability is defined as the "inability to engage in any substantial gainful activity[2] by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To show disability, a claimant must "furnish[] such medical and other evidence of the existence thereof as the Commissioner of Social Security may require." *Id.* § 423(d)(5)(A).

The Commissioner employs a five-step sequential evaluation process for disability claims under the Act. *See generally* 20 C.F.R. § 404.1520(a)(4)(i)–(v); *Plummer*, 186 F.3d at 428. The threshold inquiry looks to (1) whether the claimant has engaged in any "substantial gainful activity" since her alleged disability onset date. If not, the Commissioner considers (2) whether the claimant has any impairment or combination of impairments that is "severe" enough to limit

---

[2] "Substantial gainful activity" refers to jobs that exist in large numbers in the region where the claimant lives or in several regions of the country. 42 U.S.C. § 423(d)(2)(A).

the claimant's ability to work. *Id.* §§ 404.1520(b)–(c), 404.1521. If the claimant has a severe impairment, the Commissioner then examines the objective medical evidence to determine (3) whether the impairment matches or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* §§ 404.1520(d), 404.1525, 404.1526. If so, the claimant is automatically eligible for benefits; if not, the Commissioner determines (4) whether the claimant has satisfied his burden of establishing that he or she is unable to return to his past relevant work. *Id.* §§ 404.1520(f), 404.1560(b); *Poulos v. Commissioner of Social Security*, 474 F.3d 88, 92 (3d Cir. 2007) (internal citations omitted). If the claimant meets this burden, the burden shifts to the Commissioner to show (5) whether other work exists in significant numbers in the national economy that the claimant could perform given her medical impairments, age, education, past work experience, and residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(g); *Poulos*, 474 F.3d at 92.

### C. The ALJ's Findings and Final Determination

Following this five-step procedure, ALJ Rubini concluded as follows: (1) Plaintiff had not engaged in substantial gainful activity from the alleged onset date of September 20, 2003 through her date last insured of December 31, 2006, (R. 693); (2) Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, degenerative joint disease of the knees, possible fibromyalgia, obesity, depressive disorder, and anxiety disorder, (R. 693); (3) Plaintiff did not have an impairment or combination of impairments that met or equaled listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 404.1520(d), 404.1525, 404.1526, (R. 694); (4) Plaintiff could not perform any past relevant work at her former paralegal job through the date last insured, (R. 700); and (5) Plaintiff retained the RFC to perform light work that is self-paced (R. 696), such that jobs as an "assembler," "inspector," or

"packer" existed in significant numbers in the national economy for an individual with the Plaintiff's characteristics, (R. 700–01). Accordingly, the ALJ concluded that Plaintiff was not disabled through December 31, 2006, her date last insured. (R. 702).

### D. Analysis of the ALJ's Determination

On appeal, Plaintiff makes three arguments which attack ALJ Rubini's decisions regarding Plaintiff's RFC and the determination of whether other work exists in significant numbers in the national economy that Plaintiff could perform. (ECF No. 8, Pl.'s Br. at 10–34). Plaintiff's arguments are as follows: (1) the fact ALJ Rubini did not ask any hypothetical questions of the vocational expert ("VE") at the 2012 Hearing means that his determination of Plaintiff's RFC was improper; (2) that ALJ Rubini's determination of Plaintiff's RFC is not supported by substantial evidence; and (3) that ALJ Rubini's analysis at step five was flawed because the ALJ "did not include all of [P]laintiff's credibly established mental limitations in questioning" the vocational expert. (*Id*. at 33).

1. Questioning of the Vocational Expert

Plaintiff's first contention is that the "ALJ on remand from the District Court denie[d] the plaintiff at the fifth step of the sequential evaluation without ever asking a hypothetical question of the VE called to testify at the hearing," and that the ALJ instead "utilized the testimony of a different vocational expert who testified in response to a different ALJs [sic] hypothetical questioning four years earlier." (ECF No. 8, Pl.'s Br., at 10). Plaintiff seems to suggest that this procedure was improper and is an indication that ALJ Rubini's determination at step five that Plaintiff was able to perform self-paced light work such as assembler, inspector, or packer was not supported by substantial evidence.

5

Plaintiff is not able to point to any laws or regulations that prohibit the ALJ from considering testimony from a previous hearing for the same applicant. Plaintiff claims that the Appeals Council "ordered the testimony of a vocational expert at the remanded hearing." (ECF No. 8, Pl.'s Br., at 13). However, the Remand Order makes no specific mention of a vocational expert; instead, it lists as reasons for the remand "Obesity Impairment Not Adequately Considered" and "Claimant Credibility - Failed to Discuss Appropriate Credibility Factors." (R. 764). The Remand Order also states that "the Appeals Council vacates the final decision of the Commissioner of Social Security and remands this case to an Administrative Law Judge for further proceedings consistent with the order of the court. In compliance with the above, the Administrative Law Judge will offer the claimant the opportunity for a hearing, take any further action needed to complete the administrative record and issue a new decision." (R. 763). Plaintiff does not point to any document in the record where the Appeals Council specifically orders that a vocational expert participate in the second hearing, and the Court has found no such reference in the record. Thus, it seems that Plaintiff has exaggerated what the Appeals Council actually stated in the Remand Order: that an ALJ should hold another hearing and "take any further action needed to complete the administrative record" consistent with the Court's 2010 Opinion.

In the 2010 appeal, Plaintiff challenged ALJ Garrety's decision at step five, which included a challenge to ALJ Garrety's assessment of the testimony of vocational expert Dr. Rutherford, and the Court rejected Plaintiff's arguments, finding that "the vocational expert's testimony in response [to ALJ Garrety's hypothetical question] constitutes substantial evidence in support of the ALJ's finding." *Centeno*, 2010 WL 5068141, at *9. Thus, the Court had already decided that ALJ Garrety's decision at step five was supported by substantial evidence,

and so there was no need for the Appeals Council to specifically order that ALJ Rubini question a vocational expert at the Second Hearing.

Thus, there was no inherent legal flaw in ALJ Garrety's questioning of the vocational expert in the 2008 Hearing. The only other factor that may have rendered ALJ Garrety's questioning of the vocational expert unusable by ALJ Rubini is if ALJ Rubini had made a different determination than ALJ Garrety regarding Plaintiff's level of impairment due to her obesity or her pain, as those were the two grounds on which the Court ordered a remand. *See Centeno*, 2010 WL 5068141, at *4, 8.

With regards to obesity, the Court found that even through ALJ Garrety had considered Plaintiff's obesity as a physical impairment on its own, she did not properly consider whether Plaintiff's obesity had exacerbated Plaintiff's other impairments, namely, her degenerative joint disease of the knees, as is required by the Third Circuit's ruling in *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500 (3d Cir. 2009). *Id*. at * 4. The Court found that remand was appropriate so that "the Commissioner may more fully discuss to what extent Plaintiff's obesity in combination with her other impairments impacted her workplace performance." *Id*. With regards to ALJ Garrety's assessment of Plaintiff's pain, the Court found that ALJ Garrety did not clearly or explicitly consider the factors listed in 20 C.F.R. § 404.1529(c)(3) when assessing Plaintiff's credibility regarding her claims of pain. *Id*. at *8.

ALJ Rubini addressed both of these concerns in his opinion. On the issue of whether Plaintiff's obesity exacerbated her degenerative joint disease of the knees, he weighed the documents in the record and the examination of consultative examiner Dr. Marc Weber to find that Plaintiff "did not have an inability to ambulate or perform fine or gross movements effectively" because of her obesity. (R. 694–95) (citing to Exhibit B6F). Additionally, ALJ

7

Rubini found that there was no evidence in the record that Plaintiff "suffered from motor, sensory, or reflex loss" as a result of her obesity. In effect, ALJ Rubini undertook the analysis directed by the Court and *Diaz* of the "cumulative impact of [Plaintiff's] obesity and other impairments on [Plaintiff's] functional capacity," (*Diaz*, 577 F.3d at 504), ALJ Rubini found that Plaintiff's obesity did not cause any additional impairment when considered in combination with Plaintiff's joint disease beyond what the record already reflected with regard to Plaintiff's joint disease. Given that the Plaintiff bears the burden of proof at stages one through four of the sequential evaluation, the Court finds that ALJ Rubini's determination was supported by substantial evidence.

Regarding the assessment of Plaintiff's pain, ALJ Rubini explicitly discussed at least five of the seven factors listed in 20 C.F.R. § 404.1529(c)(3):

> A review of the testimony and evidence in light of the SSR 96-7p factors[3] presents inconsistencies which warrant limiting the credibility of the claimant's subjective allegations of disability. The claimant testified to severe physical limitations during the period of alleged disability, but physical therapy and physical examination records from the VA indicate that the claimant was making considerable progress in 2004 until an exacerbation occurred during thanksgiving [sic] of that year (Exhibit B2F). In May 2004, the claimant was reported to be able to squat and get up, but have [sic] moderate limitations to her range of motion in her low back. By August 2004, however, the claimant had full range of motion in her spine. In December 2004, it was reported that the claimant was experiencing slowly resolving sciatica from the thanksgiving episode, but the claimant was nonetheless noted to ambulate without difficulty. May 2006 treatment notes state that the claimant had no issues of radiculopathy.
>
> The record also suggests that the claimant's pain did not interfere to the degree alleged, and that it has been generally well-controlled with medication. May and December 2006 treatment records describe both the claimant's radiculopathy and restless leg syndrome as responsive to neurotin, while an April 2006 examination report states that the claimant's pain does not significantly interfere with her activities of daily living (Exhibit B11F). In November 2007, the claimant reported that her pain level was acceptable to her, and she was assessed to require no additional treatment (Exhibit B22F).

---

[3] Which are codified at 20 C.F.R. §§ 404.1529(c)(3)(i)–(vii).

(R. 698). This analysis includes discussion of Plaintiff's daily activities (20 C.F.R. § 404.1529(c)(3)(i)), her location, duration, frequency, and intensity of pain (20 C.F.R. § 404.1529(c)(3)(ii)); precipitating and aggravating factors (20 C.F.R. § 404.1529(c)(3)(iii)); the type and effectiveness of the medication she took (20 C.F.R. § 404.1529(c)(3)(iv)); and treatment other than medication that she received (20 C.F.R. § 404.1529(c)(3)(v)). As with ALJ Rubini's determination regarding Plaintiff's obesity, his determination here is that Plaintiff has no further impairment from pain than what was determined by ALJ Garrety. The Court finds that ALJ Rubini's analysis meets the requirement that the ALJ clearly and explicitly discuss as many of the 20 C.F.R. §§ 404.1529(c)(3) factors as are applicable, and that his determination of Plaintiff's credibility regarding her pain is supported by substantial evidence. *Centeno*, 2010 WL 5068141, at 8.

Thus, though the Court remanded the case initially because ALJ Garrety did not make proper considerations regarding Plaintiff's obesity and Plaintiff's pain, ALJ Rubini undertook the analysis directed by the Court and came to the same conclusion as ALJ Garrety regarding Plaintiff's impairments and functional capacity. Though Plaintiff indicates that this fact is reason to be suspicious of ALJ Rubini's opinion (*see* ECF No. 8, Pl.'s Br. at 10–21), the Court does not agree. As an initial matter, ALJ Rubini's decision is supported by substantial evidence. Thus, the fact that his opinion matches ALJ Garrety's is an indication that ALJ Garrety was correct in her initial determinations even though the Court found that she had not explicitly performed every analysis that she was required to perform.

Plaintiff indicates that this situation is unprecedented, but there are several situations where the Appeals Council rules that the ALJ must make further findings, and the ALJ reaches the same conclusion after remand. These instances have been upheld on appeal to the federal

9

judiciary. *See McKnight v. Astrue*, 340 Fed. App'x 176, 181 (5th Cir. 2009) (affirming district court's judgment in favor of the Commissioner of Social Security where the ALJ found the plaintiff had the same RFC on remand from the Appeals Council as he did after his initial hearing and thus did not call a vocational expert to testify during the second hearing); *Abell-Fleener v. Colvin*, 2015 WL 2417926, at *2–3 (S.D. Ind. May 20, 2015) (ruling that it was not inappropriate for the ALJ to use the same RFC determined after initial hearing upon remand from the Appeals Council for further consideration of plaintiff's mental conditions); *Brady v. Comm'r of Soc. Sec.*, 2008 WL 4181376, at *24–25 (N.D.W.V. Sept. 5, 2008) (ruling in favor of the Commissioner of Social Security in a similar situation, the court noted "[t]he fact that the ALJ relied on similar evidence and analyses in both decisions does not render his post-remand decision non-compliant with the Appeals Council's order.").

Thus, there was no need for ALJ Rubini to perform any further analysis beyond what ALJ Garrety had performed at step five, especially considering that ALJ Rubini remarked at the hearing that he had listened to the recording of the 2008 hearing (R. 720), referenced the testimony of Dr. Rutherford, the vocational expert from the 2008 hearing, at the 2012 hearing (R. 738), and made references to the findings of Dr. Rutherford in his decision (R. 701). It is conceivable that another ALJ may have decided to ask additional hypothetical questions of the vocational expert at the 2012 hearing, but there is no legal basis for finding that ALJ Rubini was required to ask additional questions. Plaintiff's appeal is denied on these grounds.

    2. Determination of the RFC and Step Five Analysis

Plaintiff's next arguments are that ALJ Rubini's decision "does not articulate an evidence based rationale for its residual functional capacity finding" and that "the Commissioner did not carry his burden at the fifth step of the sequential evaluation." (ECF No. 8, Pl.'s Br., at 21, 29).

However, Plaintiff makes no arguments on these grounds in this appeal that were not also raised in the 2010 appeal.  The only faults that the Court found with ALJ Garrety's decision was that she did not properly consider how Plaintiff's obesity may exacerbate her joint disease and she did not explicitly discus the 20 C.F.R. § 404.1529(c)(3) factors in assessing Plaintiff's credibility regarding her reports of pain.  The Court specifically addressed and rejected Plaintiff's disputes with ALJ Garrety's finding that Plaintiff retained the functional capacity to perform self-paced light work that did not require prolonged periods of standing and walking and Plaintiff's disputes with ALJ Garrety's questioning of Dr. Rutherford.  *Centeno*, 2010 WL 5068141, at *5–6.  Furthermore, on both issues, the Court found that ALJ Garrety's determinations were supported by substantial evidence.  *Id.*  As discussed above, the Court finds that ALJ Rubini's decision addresses the faults in ALJ Garrety's opinion and reaches the same result as ALJ Garrety's decision; accordingly, the Court will reject Plaintiff's appeal of ALJ Rubini's determination of Plaintiff's RFC and whether Plaintiff was capable of performing jobs existing in significant numbers in the national economy.

## CONCLUSION

For the reasons discussed above, the Commissioner's decision will be affirmed.  An appropriate order will follow.

 */s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.